IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 01-cr-40066-002 JPG |
| | ) |
| MYRON DAVIS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on consideration of defendant Myron Davis' prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10.  The Court appointed counsel for Davis, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 367).  *See Anders v. California*, 386 U.S. 738, 744 (1967).  The government has responded to the motion (Doc. 371).  The Court gave Davis an opportunity to respond to counsel's motion, but he declined to do so.

Davis pled guilty to one count of conspiracy to distribute and possess with intent to distribute crack cocaine and four counts of distribution of crack cocaine.  At sentencing, the Court found by a preponderance of the evidence that Davis' relevant conduct was at least 50 grams but less than 150 grams of crack cocaine, which at the time under U.S.S.G. § 2D1.1 yielded a base offense level of 32.  His offense level was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility.  Considering Davis' criminal history category of III, this yielded a sentencing range of 108 to 135 months in prison.  However, because Davis' relevant conduct was more than 50 grams, his statutory minimum sentence was 10 years.  *See* 21 U.S.C. § 841(b)(1)(A).  Consequently, pursuant to U.S.S.G. § 5G1.1(c)(2), his effective

guideline range became 120 to 135 months.  Davis now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

Davis cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  The amendments did not, however, reduce the sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. §

5G1.1(c)(2) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts.  *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum.").  Because Davis was sentenced based on his statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(c)(2), not his base offense level set forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, the low end of his guideline range would have been 120 months.  Thus, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Davis cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request.  *See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 367).  The Clerk is **DIRECTED** to mail a copy of this order to defendant Myron Davis, Reg. No. 05352-025, FCI Forrest City Medium, P.O. Box 3000, Forrest City, AR 72336.

**IT IS SO ORDERED.**
**Dated this 20th day of April, 2010.**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **U.S. DISTRICT JUDGE**